## The Public Works Company *vs.* City of Old Town.

### Penobscot.   Opinion December 18, 1906.

*Water Contract.   Construction.   Election.   Meters.*

A contract made in 1890 by the plaintiff's predecessors, to whose right it has succeeded, with the defendant in relation to furnishing water for fire protection and other public purposes, and for the compensation to be charged for water for domestic purposes contained in this clause: "Said First Party agrees to furnish water at its mains without extra charge, for the following municipal purposes: . . . . . for eighteen (18) taps or faucets in computing which each orifice beyond the main shall be counted as one tap, except that in the town hall and in school houses one faucet may be connected with all the water closets and urinals in any one building. But float or spring valves shall be used in all water closets and urinals and water troughs, and no waste of water shall be allowed."

In addition to the water charged in the account annexed, the plaintiff has for many years furnished without charge water for the city hall with thirteen separate taps or faucets, for the city farm with six faucets, and for the city farm stable with one faucet, each building being connected with the main by one service pipe. The plumbing for each water closet and for the urinal in the town hall is entirely separate and distinct from that of each other.

*Held :* that each of these faucets was an orifice beyond the main and must be counted as one tap, and that the plaintiff had performed its part of the contract in this respect, by furnishing water at its mains for at least eighteen faucets in these public buildings.

The city having failed to notify the company of its election as to what particular faucets the company should furnish without extra charge, *Held :* that the company had a right to make such election and to charge for water furnished in addition to that to be supplied free of charge.

There being no contract to the contrary, *Held :* that the company had the right to put on meters and charge for the water at fair and reasonable meter rates.

On report.   Judgment for plaintiff.

Assumpsit upon account annexed in which the plaintiff sought to recover for water furnished by it to the defendant for municipal purposes at its school houses and its pest house, upon an implied promise.

Tried at the January term, 1906, of the Supreme Judicial Court, Penobscot County. Plea, the general issue. At conclusion of the testimony, the case was "reported to the Law Court for determination."

The case appears in the opinion.

*Charles H. Bartlett,* for plaintiff.

*F. J. Whiting,* for defendant.

SITTING: WISWELL, C. J., EMERY, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

WISWELL, C. J. This is an action of assumpsit upon an account annexed to the writ in which the plaintiff seeks to recover for water furnished by it to the defendant for municipal purposes at its school houses and its pest house, upon an implied promise. The city admits that it has received and used the water charged for, but claims that this water was to be furnished by the plaintiff to the city free of extra charge under a contract made in the year 1890 between the predecessors of the plaintiff and the then town of Oldtown. Both parties, it is agreed, have succeeded to, and are now bound by, this contract.

In the contract of 1890, in relation to furnishing water for fire protection and other public purposes, and for the compensation to be charged for water for domestic purposes, there was this clause: "Said First Party agrees to furnish water at its mains without extra charge, for the following municipal purposes: . . . . For eighteen (18) taps or faucets in computing which each orifice beyond the main shall be counted as one tap, except that in the town hall and in school houses one faucet may be connected with all the water-closets and urinals in any one building. But float or spring valves shall be used in all water closets and urinals and water troughs, and no waste of water shall be allowed."

In addition to the water charged in the account annexed, the plaintiff has furnished for many years water for the city hall, with thirteen separate taps or faucets, for the city farm with six faucets, and the city farm stable with one faucet, each building being con-

nected with the main by one service pipe. The contention of the defense is that under this clause for water to be furnished to the municipality without extra charge, " for eighteen taps or faucets " the service pipe from the company's main to each public building should only be counted as one tap or faucet, and that consequently the company has not furnished water for all the public buildings and school houses, both that charged in the account annexed, and that not charged, in excess of the requirements of the contract for water without extra charge.

But 'this contention is answered by the express stipulation of the parties wherein this language is used : "In computing which each orifice beyond the main shall be counted as one tap." The parties seem to have anticipated that without this language a question might arise as to the meaning of the clause, and to have used the language quoted for the very purpose of making the meaning clear and unmistakable. It was clearly provided that each connection at the main should not be counted as one of the eighteen taps for which the company should furnish water without extra charge, but that each opening beyond the main should be so counted. This is made even more unmistakable by the exception immediately following, " except that in the town hall and in school houses one faucet may be connected with all the water closets and urinals in any one building."

Again, the defense claims that under the exception above quoted the water company has not furnished water, exclusive of the water charged in the account annexed, for the number of faucets specified in the contract, and that consequently some, at least, of the water charged should be included in the water which was to be furnished without extra charge. The contract provided, as we have seen, that " one faucet may be connected with all the water closets and urinals in any one building," in the town hall and school houses. But the undisputed testimony shows that this has not been done, that, upon the contrary the plumbing for each water closet and for the urinal in the town hall is entirely separate and distinct from that of each other, so that each opening in the water pipe for these fixtures must be counted as one tap or faucet.

Under this construction of the contract the plaintiff has performed

its part of the contract in this respect, by furnishing water at its mains for at least eighteen faucets in these public buildings, apart from the water sued for in this suit.   It is true that the city has never notified the company of its election as to what particular faucets the company should furnish water for without extra charge, but on account of this failure on the part of the city to elect the company have the right to do so, and to charge for water furnished in addition to that to be supplied free of extra charge.

The account sued is made up in part of flat or annual rates and in part of meter rates, which are admitted to be fair and reasonable if the company had the right to put on meters.   That it had such a right, there being no contract to the contrary, and the rates being reasonable, cannot be doubted.   *Robbins* v. *Bangor Railway Company,* 100 Maine, 496.

No question is raised by the defense as to the liability of the city upon an implied promise to pay for services rendered for a municipal purpose, where, as in this case, the city received the beneficial use of the services rendered, and where, from the fact that bills for this water furnished were rendered by the company to the city at the end of each six months, the city may be presumed to have known that the water was furnished under an expectation and claim of payment therefor.

Under this construction of the contract of 1890, and the defendant's admissions, the plaintiff is entitled to judgment for the sum of $1457.50, and interest upon various portions thereof from the dates of demand therefor to the date of judgment.   The case may be remanded to nisi prius for the computation of this interest.

*So ordered.*